UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

———————————————————

HARRY MADDOX, III,                                  Civil No. 10-2847 (ADM/AJB)

        Plaintiff,

    v.                                                    **REPORT AND RECOMMENDATION**

DUSTIN SWENSON, LINDSEY
CARPENTER, DAN PETERS, GUNNAR
ERICKSON, HERBERT L. CANTRILL,
JESSIE A. JOHNSON, and
STILLWATER PRISON HEALTH
SERVICES EYE DEPT. BARBRA?,

        Defendants.

———————————————————

      This matter is before the undersigned United States Magistrate Judge on Plaintiff's

amended application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C.

§ 1915.  (Docket No. 5.)  The matter has been referred to this Court for report and

recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed

below, it is recommended that Plaintiff's IFP application be denied, and that this action be

summarily dismissed without prejudice.

      Plaintiff commenced this action by filing a complaint seeking relief under 42 U.S.C.

§ 1983.  (Docket No. 1.)  The complaint was not accompanied by the $350.00 filing fee

required by 28 U.S.C. § 1914, but Plaintiff instead filed his first application seeking leave

to proceed IFP.  (Docket No. 2.)  However, Plaintiff is a prisoner,[1] which means that he

must pay an initial partial filing fee before he can proceed IFP.  28 U.S.C. § 1915(b)(1).

———————————————

      [1]  When Plaintiff commenced this action, he was an inmate at the Chisago County
Jail in Center City, Minnesota.  He subsequently filed a notice of change of address,
(Docket No. 10), which indicates that he is now a state prison inmate.

The Court previously determined that Plaintiff's first IFP application could not be granted because (i) the application did not include all of the certified prisoner trust account information that is required by 28 U.S.C. § 1915(a)(2), and (ii) Plaintiff failed to pay the initial partial filing fee that is required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1). Both of Plaintiff's omissions were called to his attention by this Court's order of August 2, 2010. (Docket No. 3.) That order gave Plaintiff twenty (20) days to cure the two defects in his original request for IFP status by submitting both (a) a new IFP application that would include all of the requisite certified trust account information, and (b) the initial partial filing fee prescribed by § 1915(b)(1). The order expressly advised Plaintiff that his case would be subject to summary dismissal, unless he complied with both of those requirements within the time allowed.[2]

The deadline for satisfying the requirements of the Court's prior order has now expired. On August 13, 2010, Plaintiff filed the amended IFP application that is now before the Court, (Docket No. 5), and that application does include certified trust account information, as required by § 1915(a)(2). To date, however, Plaintiff has not satisfied the second requirement of the Court's prior order, as he has not tendered the initial partial filing fee prescribed by § 1915(b)(1).[3] Plaintiff has not offered any explanation for his failure to

---

[2] The Court's prior order plainly stated: "The Court will not allow this action to proceed until after the statutorily prescribed initial partial filing fee has been paid to the Clerk of Court. [ ¶ ] Plaintiff will be required to submit both his amended IFP application, and his initial partial filing fee, within 20 days after the date of this order. If he fails to do so, he will be deemed to have abandoned this action, and it will be recommended that the case be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b)." (Order dated August 2, 2010, [Docket No. 3], p. 4, [emphasis in the original order].)

[3] According to the trust account information submitted with Plaintiff's amended IFP application, the total amount of all deposits to his trust account during the preceding six

pay the fee required by statute, and by this Court's prior order.[4]  Thus, the Court finds that

Plaintiff has failed to comply with the requirements set forth in the prior order within the time

allowed.

Based on the Court's express warning regarding the consequences that would follow

if Plaintiff failed to comply with both of the requirements of the prior order, it is now

recommended that Plaintiff be deemed to have abandoned this action, and that the action

---

months was $230.00, which is an average monthly deposit of $38.34.  The average
monthly balance of the account is not readily discernible, but it clearly appears that the
average monthly deposit amount is greater than the average monthly balance amount.
Therefore, the initial partial filing fee that Plaintiff was required to pay pursuant to §
1915(b)(1) was $7.67, ($38.34 x 20% = $7.67).

[4]  Although Plaintiff apparently had only a small balance in his trust account when
he filed his amended IFP application, he has made no effort to show that he could not pay
the initial partial filing fee prescribed by § 1915(b)(1).  Furthermore, the initial partial filing
fee requirement would be rendered meaningless if prisoners could deplete their trust
accounts shortly before (or after) filing a federal lawsuit, and then be excused from paying
any initial partial filing fee.  As the Seventh Circuit Court of Appeals has explained:

> "It is not enough that the prisoner lack assets on the date he files.  If that
> were so, then a prisoner could squander his trust account and avoid the fee."

Newlin v. Helman, 123 F.3d 429, 435 (7th Cir. 1997), cert. denied, 522 U.S. 1054 (1998),
and overruled on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir.2000) and Walker
v. O'Brien, 216 F.3d 626 (7th Cir. 2000), (emphasis in the original).

In this case, Plaintiff evidently elected to use his trust account funds for other
purposes, leaving him little in that account for the payment of his initial partial filing fee.
Having depleted his trust account before paying the requisite fee, Plaintiff cannot now be
excused from paying the fee simply because of the low balance in the account.  "'If a
prisoner determines that his funds are better spent on other items rather than filing a civil
rights suit, 'he has demonstrated an implied evaluation of that suit' that the courts should
be entitled to honor.'"  Murray v. Dosal, 150 F.3d 814, 818 (8th Cir. 1998), cert. denied, 526
U.S. 1070 (1999), quoting Roller v. Gunn, 107 F.3d 227, 233 (4th Cir.) (internal citation
omitted), cert. denied, 522 U.S. 874 (1997).  Given the feebleness of Plaintiff's pleading in
this case, it is hardly surprising that he would not attempt to raise and remit even the
nominal ($7.67) filing fee required by § 1915(b)(1).

be dismissed without prejudice. Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders). <u>See</u> <u>also</u> <u>In re Smith</u>, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to submit financial information required by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); <u>Amick v. Ashlock</u>, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); <u>Henderson v. Renaissance Grand Hotel</u>, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); <u>Link v. Wabash Railroad Co</u>., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Finally, the Court notes that Plaintiff has filed a motion in this case, which the Clerk's Office has identified as a motion for injunctive relief. Having determined that this action should be summarily dismissed because of Plaintiff's failure to comply with the Court's prior order, it is recommended that Plaintiff's pending motion be summarily denied.[5]

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees, (Docket Nos. 2 and 5), be **DENIED**;

2. Plaintiff's motion for injunctive relief, (Docket No. 9), be **DENIED**; and

---

[5] In any event, it appears that Plaintiff's request for injunctive relief is moot, because he is no longer being detained by the government officials who he sought to enjoin.

3.  This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: October ___7___, 2010

                    ___s/ Arthur J. Boylan_____
___                        ARTHUR J. BOYLAN
                        Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before ___10/22/10___.