UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harry Maddox, III,

                Plaintiff,

      v.

Dustin Swenson, Lindsey
Carpenter, Dan Peters, Gunnar
Erickson, Herbert L. Cantrill,
Jessie A. Johnson, and
Stillwater Prison Health
Services Eye Dept. Barabra?,

                Defendants.

MEMORANDUM OPINION
AND ORDER
Civil No. 10-2847 ADM/AJB

_____

Harry Maddox, III, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Harry Maddox, III's ("Plaintiff") Objections ("Objections") [Docket No. 13] to Magistrate Judge Arthur J. Boylan's October 7, 2010 Report and Recommendation ("R&R") [Docket No. 12]. Judge Boylan recommended the case be dismissed without prejudice because Plaintiff failed to pay a partial initial filing fee as required by 28 U.S.C. § 1915(b)(1). Judge Boylan further recommended denial of Plaintiff's second application for leave to proceed in forma pauperis ("IFP") [Docket No. 5]. For the reasons stated below, Plaintiff's Objections are overruled and the R&R is adopted.

## II. BACKGROUND

Plaintiff seeks relief under 42 U.S.C. § 1983 for a variety of alleged personal injuries [Docket No. 1]. He filed an initial application for leave to proceed IFP on July 2, 2010 [Docket

No. 2]. As a state prison inmate, Plaintiff is required to pay a partial filing fee before he can proceed IFP.[1] 28 U.S.C. § 1915(b).

In an August 2, 2010 Order ("Order") [Docket No. 3], Judge Boylan denied without prejudice Plaintiff's initial IFP application because: (1) the application did not include all of the certified prisoner trust account information required by 28 U.S.C. § 1915(a)(2); and (2) Plaintiff failed to pay the initial partial filing fee required in prisoner IFP actions pursuant to 28 U.S.C. § 1915(b)(1). Judge Boylan allowed Plaintiff twenty days to cure the two defects in his original request for IFP status by submitting: (1) a new IFP application including the requisite certified trust information; and (2) the initial partial filing fee prescribed by § 1915(b)(1). In Plaintiff's case, the required fee is $7.67.

On August 13, 2010, Plaintiff filed an amended IFP application. After reviewing the amended IFP, Judge Boylan issued the October 7, 2010 R&R. The R&R stated that while the amended IFP application did include certified trust account information, Plaintiff failed to pay the partial filing fee. Consequently, the R&R recommended Plaintiff's IFP application be denied, and further recommended that Plaintiff's Complaint be dismissed without prejudice. Plaintiff filed his Objections to the R&R on October 14, 2010.

### III. DISCUSSION

**A. Standard of Review**

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or

---

[1] Plaintiff is currently a state prisoner incarcerated at the Minnesota Correctional Facility in St. Cloud, Minnesota [Docket No. 10]. He was previously held at the Chisago County Jail.

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

**B. Plaintiff's Objections**

  **1. Objection #1**

Because Plaintiff is a prisoner, he must pay an initial partial filing fee before he can proceed IFP.[2] 28 U.S.C. § 1915(b)(1), (h). Here, the required fee is $7.67. The R&R explains:

> According to the trust account information submitted with Plaintiff's amended IFP application, the total amount of deposits to his trust account during the preceding six months was $230.00, which is an average monthly deposit of $38.34. The average monthly balance of the account is not readily discernible, but it clearly appears that the average monthly deposit amount is greater than the average monthly balance amount. Therefore, the initial partial filing fee that Plaintiff was required to pay pursuant to § 1915(b)(1) was $7.67, ($38.34 x 20% = $7.67).

R&R at 2 n.3. In his R&R, Judge Boylan concludes that by failing to tender this fee, Plaintiff did not satisfy the second requirement of the Court's Order. R&R at 2-4.

Plaintiff objects that he had only $.05 in his trust account since May 2010, and therefore he could not afford to pay the $7.67 fee. While the record shows that Plaintiff had only $.05 in his prison account on August 11, 2010 [Docket No. 5], a review of the Chisago County Jail receipts confirms Judge Boylan's finding that during the preceding six months Plaintiff's average monthly deposit amount was greater than his average monthly balance amount. Thus,

---

[2] "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of: (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1).

3

under § 1915(b)(1), Plaintiff must pay twenty percent of the average monthly deposit amount, which Judge Boylan correctly calculated to be $38.34.³  Judge Boylan also correctly calculated that Plaintiff was required to pay twenty percent of $38.34, or $7.67.

Further, as Judge Boylan observed, the initial partial filing fee requirement would indeed be "rendered meaningless if prisoners could deplete their trust accounts shortly before (or after) filing a federal lawsuit, and then be excused from paying any initial partial filing fee."  R&R at 3 n.4.  "If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, 'he has demonstrated an implied evaluation of that suit' that the courts should be entitled to honor."  Murray v. Dorsal, 150 F.3d 814, 818 (8th Cir. 1998), cert. denied, 526 U.S. 1070 (1999), quoting Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997) (internal citation omitted), cert. denied, 522 U.S. 874 (1997).  It appears from the record that Plaintiff decided to use his trust account funds for other purchases, leaving funds insufficient to pay the partial filing fee as of August 2010.

**2. Objection #2**

Plaintiff also objects to Judge Boylan's recommendation that his Complaint be dismissed.  However, the Order expressly warned Plaintiff that his Complaint would be dismissed if he failed to comply with the Order's requirements within twenty days.  Order at 5.  Courts may dismiss actions for failure to comply with court orders.  Fed. R. Civ. P. 41(b).  Courts may also dismiss prisoner actions for failure to pay the statutorily-required initial partial filing fee.  See In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (failing to submit financial information required

---

³ Plaintiff submitted trust account information with his amended IFP application, and the total amount of all deposits to his trust account during the preceding six months was $230.00.  $230.00 divided by six yields an average monthly deposit of $38.34 [Docket No. 5].

4

by § 1915(a)(2) or initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171, 2004 WL 2603590 *1 (8th Cir. Nov. 17, 2004) (unpublished opinion)(stating that prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[A] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

As discussed above, Plaintiff failed to comply with the Order by failing to pay the $7.67 fee. Plaintiff also failed to comply with the Order within the time allowed. For these reasons, the Complaint will be dismissed without prejudice.[4]

## IV. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 13] are **OVERRULED**;

2. The R&R [Docket No. 12] is **ADOPTED;**

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED without prejudice**;

4. Plaintiff's Motion for Leave to Proceed in forma pauperis [Docket No. 2] is

---

[4] Plaintiff also objects to Judge Boylan's recommendation that his motion for injunctive relief be denied as moot. Plaintiff seeks to enjoin officials at Chisago County Jail. As he is no longer being held at the Chisago County Jail [Docket No. 10], the motion is moot. Therefore, the Court adopts Judge Boylan's recommendation concerning injunctive relief.

**DENIED**.

5. Plaintiff's Application to Proceed in forma pauperis [Docket No. 5] is **DENIED**.

6. Plaintiff's Motion for Injunctive Relief [Docket No. 9] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 10, 2010.